UNITED STATES of America, Plaintiff—Appellee,

v.

K.T.A. (A Juvenile), Defendant—Appellant.

No. 05–30122.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

Submitted Nov. 18, 2005.*

Decided Dec. 15, 2005.

Craig W. Haller, Esq., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Esq., FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: HANSEN,** W. FLETCHER, and BYBEE, Circuit Judges.

## MEMORANDUM ***

K.T.A., a juvenile, appeals the district court's denial of his motion to dismiss the petition for revocation of his probation. K.T.A. asserts that the district court lacked jurisdiction on the underlying charge of delinquency for possessing a handgun, 18 U.S.C. § 922(x)(2)(A) (2000), because the statute exceeds Congress's Commerce Clause authority, and he asserts that even assuming the statute is constitutional, the charging information failed to demonstrate any connection between interstate commerce and the firearm in his possession. "Irrespective of the merits of this claim, an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction." *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir.1987). The district court correctly denied the motion to dismiss and properly "consider[ed] the petition for probation revocation as if the underlying conviction was unques-

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable David R. Hansen, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tioned," because "[t]he conviction may be collaterally attacked only in a separate proceeding under 28 U.S.C. § 2255." *Id.*

 Furthermore, even assuming the jurisdictional challenge to the underlying adjudication is properly before this court, the challenge fails because we have previously upheld § 922(x)(2) as "a valid, constitutional exercise of Congressional commerce powers." *United States v. Michael R.,* 90 F.3d 340, 344–45 (9th Cir.1996) (finding that read as a whole, § 922(x)(2) regulates commerce and has a substantial effect on interstate commerce by attacking the supply and demand of handguns and ammunition with respect to juveniles). One panel cannot reject a prior opinion of this court unless that opinion is irreconcilable with an intervening higher authority. *See United States v. Flores–Montano,* 424 F.3d 1044, 1050 n. 7 (9th Cir.2005). Recent Supreme Court precedent reaffirms, rather than undermines, the rationale supporting our prior opinion. *See Gonzales v. Raich,* —— U.S. ——, —— –——, 125 S.Ct. 2195, 2204–15, 162 L.Ed.2d 1 (2005) (upholding the Controlled Substances Act's regulation of purely local activity because of its substantial effect on interstate commerce). Additionally, because § 922(x)(2) does not articulate interstate commerce as a specific element of the crime, the government is not required to plead such a nexus in the charging instrument. *See United States v. Fernandez,* 388 F.3d 1199, 1219 (9th Cir.2004) (noting government was not required to plead interstate commerce nexus in drug trafficking context because the interstate nexus was not an element of the offense), *modified by* 425 F.3d 1248 (9th Cir.2005), *cert. denied,* —— U.S. ——, 125 S.Ct. 1964, 161 L.Ed.2d 790, —— U.S. ——, 125 S.Ct. 2278, 161 L.Ed.2d 1073,-

—— U.S. ——, 125 S.Ct. 2286, 161 L.Ed.2d 1077 (2005).

Accordingly, we affirm the judgment of the district court.

AFFIRMED.